UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MIGUEL LOPEZ FLORENTINO,**<br><br>Petitioner,<br><br>v.<br><br>**ERIC ROKOSKY, et al.,**<br><br>Respondents. | Civil Action No. 26-0695 (SDW)<br><br>OPINION |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Miguel Lopez Florentino, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Elizabeth Contract Detention Facility, New Jersey ("Detention Facility"). (ECF No. 1).

2. Respondents Detention Facility Warden Eric Rokosky, Acting ICE Newark Field Office Director Ruben Perez, ICE Director Todd Lyon, and Department of Homeland Security ("DHS") Secretary Kristi Noem oppose the Petition. (ECF No. 4).

3. Petitioner is a citizen of the Dominican Republic. (ECF No. 1 ¶ 1). He entered the United States without inspection on November 20, 2022 and was detained by DHS shortly thereafter. (*Id.*) On November 22, 2022, he was granted parole pursuant to Immigration and Nationality Act ("INA") § 212(d)(5), 8 U.S.C. § 1182(d)(5). (ECF No. 1-3 at 2). Petitioner's parole expired January 21, 2023. (*Id.*)

4. Petitioner applied for asylum on November 19, 2024. (ECF No. 1 ¶ 1). He reported to ICE in Newark, New Jersey on December 9, 2025, where he received a Notice to Appear

("NTA") ordering him to appear before an immigration judge on December 23, 2025. (ECF No. 1-2 at 1).

5. Petitioner filed his Petition on January 22, 2026, arguing that DHS is improperly detaining him without a bond hearing due to a recent Board of Immigration Appeals ("BIA") opinion that divested immigration judges of jurisdiction to hear bond requests of noncitizens detained pursuant to 8 U.S.C. § 1225(b). (*Id.* ¶ 2 (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025)).

6. He further argues that his detention can only be justified pursuant to 8 U.S.C. § 1226(a), which would entitle him to a bond hearing before an immigration judge. (*Id.* ¶ 3).

7. Respondents assert that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2) because he is a noncitizen "who entered without inspection or parole and was initially detained by immigration authorities without having been lawfully admitted. As such, he is an 'applicant for admission' who is not entitled to a bond hearing." (ECF No. 4 at 2).

8. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

10. Section 1225 provides in relevant part that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending removal hearings. 8 U.S.C. § 1225(b)(2)(A). "Thus, it is unambiguous and patently clear that for the provision to apply and thus subject a noncitizen to mandatory detention: (1) there must be an 'examining immigration officer' who determines; (2) that an 'applicant for admission'; (3) is 'seeking admission'; and (4) 'not clearly and beyond a doubt entitled to be admitted.'" *Bethancourt Soto v. Soto, et al.*, No. 25-cv-16200, __ F. Supp. 3d __, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025), *appeal filed* No. 25-3566 (3d Cir. Dec. 22, 2025).

11. Section 1226(a) "applies to aliens already present in the United States" and "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). "The line historically drawn between these two sections … is that section 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, 792 F. Supp. 3d 211, 221 (D. Mass. 2025) (citing *Jennings*, 583 U.S. at 288-89).

12. Despite documentation that Petitioner was released into the United States on parole in 2022, the NTA issued in December 2025 stated that he was "not admitted or paroled after inspection by and Immigration Officer." (ECF No. 1-2 at 1). It further described Petitioner as a noncitizen who was "*present* in the United States without being admitted or paroled … ." (*Id.* at 4 (emphasis added)). "Notably, the issuing officer appears to have explicitly declined to designate Petitioner as an 'arriving alien,' which is the active language used to define the scope of section 1225(b)(2)(A) ... ." *Martinez*, 792 F. Supp. at 218.

13. Therefore, it seems DHS relied on § 1226 in arresting and detaining Petitioner in December 2025. Having done so, it cannot now assert that § 1225(b)(2) is the basis for detainment. *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-84 (S.D.N.Y. 2025) ("DHS has consistently treated [Petitioner] as subject to detention on a *discretionary* basis under § 1226(a), which is fatal to Respondents' claim that he is subject to mandatory detention under § 1225(b)." (emphasis in original)). "A noncitizen like Petitioner, who has already entered and is present in the country, simply cannot be characterized as 'seeking entry' consistent with the ordinary meaning of that phrase." *Maldonado Vazquez v. Feeley*, 805 F. Supp. 3d 1112, 1139 (D. Nev. 2025).

14. Accordingly, Petitioner's mandatory detention pursuant to § 1225(b)(2) violates the laws of the United States and Petitioner's Due Process rights. Respondents are ordered to treat Petitioner as detained under § 1226(a) and provide him with an individualized bond hearing.

15. An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: February 18, 2026